**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **DWIGHT COWAN** | **CASE NO.  2:26-CV-00130** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **VALIANT GLOBAL DEFENSE SERVICES INC** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM RULING

Before the Court is "Defendant's Motion to Dismiss" (Doc. 14) wherein Valiant Global Defense Services, Inc. ("Valiant") moves to dismiss Plaintiff, Dwight Cowan's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for which relief may be granted.

## BACKGROUND

Plaintiff alleges the following in his Complaint.  Plaintiff, Dwight Cowan, was employed by Defendant, Valiant Global Defense Services, Inc. from about January 4, 2021, through April 16, 2025.[1] On or about November 7, 2024, Plaintiff filed an anonymous complaint against his supervisor, James Sheedy, for workplace conduct.[2]

While Plaintiff was conducting a face-to-face work-related meeting with another employee, Sheedy approached Plaintiff from behind and forcefully kicked him in the back of his right knee causing him to buckle and resulting in immediate and severe pain.[3] Plaintiff alleges that given the close proximity between Plaintiff's anonymous complaint

---

[1] Doc. 1, ¶ 5.
[2] *Id.* ¶ ¶ 6 and 7.
[3] *Id.* ¶ ¶ 9 and 10.

and the assault, as well as Sheedy's supervisory authority over Plaintiff, the attack was intended to intimidate, retaliate against or punish Plaintiff for reporting Sheedy's conduct.[4]

After the incident and after seeking medical evaluation and treatment, Plaintiff reported the incident to Sheedy as a workplace injury; however, Sheedy attempted to dissuade Plaintiff from filing a formal report and offered him time off in lieu of proper documentation.[5]Thereafter, Sheedy resigned from his position as Branch Chief, and an incident report was completed with the assistance of another supervisor.[6]

## **RULE 12(b)(6) STANDARD**

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

---

[4] *Id.* ¶ 12.
[5] *Id.* ¶¶ 13 and 14.
[6] *Id.* ¶ 17.

(2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund v. (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## LAW AND ANALYSIS

Plaintiff asserts that Valiant is "individually liable for all damages resulting from James Sheedy's intentional and tortious conduct."[7] Plaintiff maintains that Valiant is vicariously liable for the intentional and tortious conduct that occurred within the course and scope of Sheedy's employment.

Defendant argues that Plaintiff has failed to allege any facts that would make it plausible that Valiant could have prevented Sheedy's act and failed to allege facts that Sheedy's act occurred within the course and scope of his employment with Valiant.

An employee's exclusive remedy from his employer for workplace injuries is workers' compensation. La. Stat. Ann. § 23:1032. Although an exception to workers' compensation exclusivity exists where an employee's injury results from an intentional act, civil liability does not automatically attach to the employer even when an intentional – rather than a negligent – act occurs. *Id*. Rather, vicarious liability arises only where (1) the employer could have prevented the intentional act but did not do it; and (2) the employee who committed the intentional act was acting within the course and scope of his employment. See La. Civ. Code Ann. art. 2320; *LeBrane v. Lewis*, 292 So. 2d 216, 218 (La. 1974).

---

[7] *Id.* ¶ 22.

For an employer to be vicariously liable for the tortious acts of its employee, the tortious conduct of the employee must be so closely connected in time, place, and causation to his employment duties as to be regarded as a risk of harm fairly attributable to the employer's business, as compared with conduct instituted by purely personal considerations entirely extraneous to the employer's interest. *LeBrane*, 292 So.2d at 217-218. Generally speaking, an employee's conduct is within the course and scope of his employment if the conduct is of the kind that he is employed to perform, occurs substantially within the authorized limits of time and space, and is activated at least in part by a purpose to serve the employer. *Orgeron v. McDonald*, 639 So.2d 224, 226-27 (La. 7/5/94).

Vicarious liability will attach in such a case only if the employee is acting within the ambit of his assigned duties and also in furtherance of his employer's objective. *Baumeister v. Plunkett*, 673 So.2d 994, 996 (La. 5/21/96).

Plaintiff's claim against Valiant is grounded in Louisiana Civil Code article 2320. Valiant argues that the exception to the statute applies here, which limits responsibility to circumstances in which the employer "might have prevented the act which caused the damage, and have not done it." *Id.* See *Cox v. Gaylord Container Corp.*, 897 So. 2d 1, 4 (La. Ct. App. 2004) (recognizing that article 2320 applies only where the employer could have prevented the act and failed to do so). Valiant also relies on *Spears v. Rountree Oldsmobile-Cadillac Co.*, 653 So. 2d 182, 184 (La. Ct. App. 1995) for its position that article 2320 applies only where the employer could have prevented the act and failed to do so. *Spears* involved a claim of sexual harassment. Valiant then cites *Alexander v. Lowes*

*Companies*, 701 So. 2d 239, 243 (La. Ct. App. 1997) (noting that employer liability for an employee's conduct attaches only if the employer could have prevented the act but did not). This case involved a customer being injured by *Lowe's* alleged independent contractor.

When determining whether Valiant could have prevented Sheedy's intentional act but did not do so, Louisiana courts look at whether the act was foreseeable. See *Harrington v. Louisiana State Bd. of Elementary & Secondary Educ.*, 714 So. 2d 845, 851 (La. Ct. App. 1998) (holding that the relevant inquiry for vicarious liability is whether the employee's tortious conduct was reasonably foreseeable... considering the authority given to the employee); see also *Duplantis v. Dillard's Dep't Store*, 849 So. 2d 675, 679 (La. Ct. App. 2003) (holding that an employer's reasonable expectation of the employee's conduct is relevant to vicarious liability).

Valiant argues that it could not have foreseen that Sheedy would kick another employee. Plaintiff argues that the close proximity between his complaint and Sheedy's conduct coupled with Sheedy's supervisory authority over Plaintiff is sufficient for Valiant to believe the attack was intended to intimidate, retaliate against or punish Plaintiff for reporting Sheedy's conduct.

Plaintiff applies the four-fact test as interpreted in *LeBrane*, which is as follows: (1) whether the act was primarily employment-rooted; (2) whether it occurred during working hours; (3) whether it occurred on the employer's premises; and (4) whether it was reasonably incidental to duties of employment. However, an employer is not vicariously liable merely because his employee commits an intentional tort on the business premises

during working hours. *Tampke v. Findley Adhesives, Inc.*, 489 So.2d 299 (La.App. 4 Cir. 1986), *writ denied* 491 So.2d 24 (La. 1986).

In *Tampke*, an employee's widow sought damages against the employer for the murder of her husband by his co-employee. The co-employee, who was involved in a hit and run accident while driving a company truck, was fired by the plant manager, after discussing the accident. An argument ensued immediately thereafter, and the manager was struck and killed by the co-employee. In finding the employee's dismissal to be the main reason for the assault, the court held that the incident could not be regarded as a "risk of harm fairly attributable to the employer's business." The Court found that the employee's assault was clearly motivated by his personal considerations.

In *Barto v. Franchise Enterprises, Inc.*, 588 So.2d 1353 (La. App. 2 Cir. 1991), the court found that an employee's act of stealing money and assaulting his supervisor during an investigation was clearly beyond the course and scope of his employment.

Here, Plaintiff's alleges that the complaint appears to be the main reason for Sheedy's intentional act of kicking Plaintiff. However, Sheedy's actions did not further his employer's objectives and were not a risk of harm fairly attributable to his employer's business. The Court finds that even though the Sheedy's offensive conduct may have been precipitated by Plaintiff's anonymous complaint, the incident could not be regarded as a risk of harm fairly attributable to the employer's business.

## **CONCLUSION**

For the reasons explained herein, the Court will grant Defendant, Valiant Global Defense Services, Inc.'s Motion to Dismiss (Doc. 14) Plaintiff, Dwight Cowan's

Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for which relief may be granted.[8]

   **THUS DONE AND SIGNED** in chambers on this 25th day of March, 2026.

_____
            JAMES D. CAIN, JR.
      UNITED STATES DISTRICT JUDGE

---

[8] Additionally, the Court will not entertain a blanket request to amend the complaint in the absent of showing some evidence that an amendment would not be futile. *Verrett v. Louisiana*, 2013 WL 3874730, at *3 (M.D. La. July 25, 2013).